IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK C. STRICKLAND, ) | |
| No. K-71807, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00962-NJR |
| ) | |
| S.A. GODINEZ, ) | |
| TY BATES, ) | |
| DONALD GATEZ, ) | |
| STEVE KEIM, ) | |
| MARK HODGE, ) | |
| STEVE DUNCAN, ) | |
| BETH TREDWAY, ) | |
| DAVID VAUGHN, ) | |
| MR. HARPER, and ) | |
| MR. LOY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Eric C. Strickland, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on policies and practices of the Illinois Department of Corrections ("IDOC") and Lawrence Correctional Center ("Lawrence") that have impeded his ability to practice the ancient Asatru religion, also known as Odinism.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

    According to the voluminous complaint, Plaintiff Strickland is a sincere adherent of Asatru, but prison policies and practices, and the acts and omissions of the defendant prison officials, have prevented him from individual and group worship. The Asatru belief system entails sharing a horn of mead (or juice) with other adherents in an outdoor setting and making offerings to various gods and goddesses by pouring liquid on the ground. Group feasting is also required on four to thirteen holy days throughout the year. Ideally, Plaintiff and fellow Asatruers would meet weekly for outdoor ritual services in a specially constructed structure with a fire pit (*see* Doc. 1-1, pp. 23-28). Individual ritual practices include wearing medallions and headbands and using a special altar cloth.

In July 2012, Plaintiff began requesting permission to conduct group services and to be allowed to possess an altar cloth and other ritual items in his cell so he could worship alone. Every few days over a two-year period, Plaintiff made written and oral requests in pursuit of the ability to practice his religion. He pursued his requests up the chain of command at Lawrence, and then through the IDOC, to little or no avail. Most times his requests, letters, and grievances went unanswered. On a few occasions, Plaintiff would take a step forward—such as being directed to formulate a written plan for the prison administration to consider, or being told he could possess a medallion or altar cloth—only to have permission withdrawn or some other impediment placed in his way. In July 2013, Intelligence Officers Harper and Loy went so far as to threaten Plaintiff that if he were to participate in Asatru group services or teach others about the Asatru religion, he would receive a "security group threat" ticket. To this day, Plaintiff has not participated in any Asatru group services for fear of punishment.

At this juncture, Asatru group religious services have been reduced to merely a religious study group, with only two rituals permitted per year. In contrast, Plaintiff observes that Catholics, Jews, Muslims, African Hebrew Israelites, and other religions are permitted to practice their religious rituals, meet for group services, and possess personal ritual items.

Plaintiff brings suit against the IDOC and Lawrence administrators S.A. Godinez, Ty Bates, Donald Gatez, Steve Keim, Marc Hodge, Steve Duncan, Beth Tredway, and David Vaughn, and in some instances Intelligence Officers Loy and Harper, alleging that they have violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), the Free Exercise Clause of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. He further alleges that Intelligence Officers Loy and Harper violated the First Amendment when they threatened disciplinary action

against Plaintiff in an effort to dissuade him from practicing his religion.  Furthermore, Plaintiff asserts that all of the defendants conspired to violate his civil rights.  Plaintiff seeks declaratory and injunctive relief, as well as nominal, compensatory, and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  IDOC administrators Director S.A. Godinez, Deputy Director Ty Bates, Deputy Director Donald Gatez, and Chief Chaplain Steve Keim violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), the Free Exercise Clause of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment;**
>
> **Count 2:  Lawrence officials Warden Marc Hodge, Warden Steve Duncan, Assistant Warden Beth Tredway, Chaplain David Vaughn, and Intelligence Officer Loy violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), the Free Exercise Clause of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment;**
>
> **Count 3:  Intelligence Officers Loy and Harper violated the Free Exercise Clause of the First Amendment when they threatened disciplinary action against Plaintiff if he proceeded to practice his religion in a group setting; and**
>
> **Count 4:  All Defendants conspired to violate Plaintiff's civil rights.**

## Discussion

*Unrecognized Claims*

As a preliminary matter, potential claims based on a variety of issues touched upon or vaguely implied in the lengthy complaint have not been recognized as potential Section 1983 claims.  Plaintiff may consider any such claims as having been dismissed with prejudice for

failure to state a claim. The Court will briefly address three such potential claims that have not been recognized: wrongs against inmates other than Plaintiff Strickland; violations of institutional and departmental rules and procedures; and unanswered grievances and letters.

Perceived wrongs against inmates other than Plaintiff Strickland are not actionable in this case. Plaintiff Strickland only has standing to present issues particular to him. *See Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996) (a plaintiff lacks standing in a Section 1983 action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).

The mere violation of state laws or departmental regulations and policies does not violate the Constitution, *per se*. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

Finally, Defendants' failure to respond to Plaintiff's multiple grievances is not an independent constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). The Court perceives that related remarks in the complaint were made relevant to Plaintiff's efforts to exhaust administrative remedies prior to filing suit, as required by 42 U.S.C. 1997e(a). Other potential due process violations are discussed at length below.

*Due Process Claims*

No Fourteenth Amendment due process claims have been recognized relative to the failure of officials to respond to Plaintiff's grievances. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir.2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir.2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,*

81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982).

The complaint asserts another type of due process violation. Plaintiff correctly observes that he has a "liberty interest" in practicing his religion. He goes on to contend that prohibiting him from freely exercising his religion—or failing to address his requests to practice his religion—constitutes a Fourteenth Amendment due process violation. It appears that Plaintiff is merely attempting to attach additional labels to a single claim—his First Amendment claim. The Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989); e.g., *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). Consequently, the due process claims included in Counts 1 and 2 shall be dismissed without prejudice.

Counts 1, 2 and 3 otherwise state colorable claims and shall proceed.

*Count 4—Conspiracy*

Count 4 alleges that all ten defendants—from the director of the IDOC down to the intelligence officers at Lawrence—conspired to violate his civil rights. The allegations of conspiracy in the amended complaint are conclusory and are insufficient under the *Twombly* pleading standard.

"To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police*

*Dept*., 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 263 (7th Cir.1999)).

The complaint does not describe a meeting of the minds; rather, Plaintiff only offers a general causal chain of events based on how his grievances were handled. For these reasons, Count 4 will be dismissed without prejudice.

*Exhibits to the Complaint*

In reviewing the complaint, the Court has observed that several pages of the attached exhibits appear to be missing or, perhaps, the pages were incorrectly numbered. Group A-B appears to be missing pages 15, 28, 33 and 41. Group C-J is missing Exhibits E and H in that sequence. Consequently, if Plaintiff deems these missing pages and exhibits as relevant to any future motion, he will have to correctly file those exhibits when responding to the motion. *See*, e.g., FED.R.CIV.P. 56(c), (e).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the due process claims included in **COUNTS 1 and 2** are **DISMISSED** without prejudice; the RLUIPA and First Amendment Free Exercise Clause claims in **COUNTS 1 and 2** shall **PROCEED**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED**.

**IT IS FURTHER ORDERED** that **COUNT 4**, the conspiracy claim, is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendants **S.A.GODINEZ**, **TY BATES**, **DONALD GATEZ**, **STEVE KEIM, MARK HODGE**, **STEVE DUNCAN**, **BETH TREDWAY**, **DAVID VAUGHN**, **MR. HARPER**, and **MR. LOY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including consideration of Plaintiff's motion for preliminary injunction (Doc. 2), and motion for recruitment of counsel (Doc. 4). The undersigned district judge will rule upon Plaintiff's motion for pauper status (Doc. 3) by separate order, pending receipt of Plaintiff's trust fund statement (*see* Doc. 6).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F ED. R. C IV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 6, 2014**

**NANCY J. ROSENSTENGEL**
**United States District Judge**