IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK C. STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-962-NJR-DGW |
| ) | |
| S. A. GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction and/or Protective Order filed by Plaintiff, Erik C. Strickland, on September 3, 2014 (Doc. 2). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff filed suit on September 3, 2014 alleging that the policies and practices of the Illinois Department of Corrections (IDOC) have interfered with his ability to practice his religion, Asatru (also known as Odinism) (Doc. 1). Plaintiff, who was and is housed at the Lawrence Correctional Center, seeks declaratory and injunctive relief as well as minimal damages. Plaintiff is proceeding on the following claims:

> Count 1: IDOC administrators Director S.A. Godinez, Deputy Director Ty Bates, Deputy Director Donald Gaetz, and Chief Chaplain Steve Keim violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act

("RLUIPA"), 42 U.S.C. § 2000cc- 1(a), the Free Exercise Clause of the First Amendment.

Count 2: Lawrence officials Warden Marc Hodge, Warden Steve Duncan, Assistant Warden Beth Tredway, Chaplain David Vaughn, and Intelligence Officer Loy violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), the Free Exercise Clause of the First Amendment.

Count 3: Intelligence Officers Loy and Harper violated the Free Exercise Clause of the First Amendment when they threatened disciplinary action against Plaintiff if he proceeded to practice his religion in a group setting.[1]

(Doc. 8).

Along with his Complaint, Plaintiff filed a Motion for Preliminary Injunction (Doc. 2). The Motion was taken under advisement on October 8, 2014 (Doc. 19) and Plaintiff was informed that a hearing would be held once Defendants entered an appearance. Plaintiff objected to that Order on October 27, 2014 on unrelated grounds (Doc. 26). That objection was construed as a Motion to Reconsider and denied (Doc. 33). Defendants answered the Complaint on January 20, 2015 (Doc. 43) and filed a response to the Motion for Preliminary Injunction on February 5, 2015 (Doc. 46). On February 11, 2015, a hearing was held in which Plaintiff appeared by video-conference and Defendants appeared by counsel.

In his Motion, Plaintiff seeks an injunction preventing Defendants from "threatening or retaliating against plaintiff and/or Asatruar and refusing to permit plaintiff and/or Asatru inmates full participation in proper group and individual worship including the ownership of personal ritual items and medallions central to their beliefs" (Doc. 2, pp. 1-2). Plaintiff further seeks a declaration of his rights as outlined in his Complaint. The Motion does not specify who, in

---

[1] Both Counts 1 and 2 contained claims pursuant to the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. Those claims were dismissed in a threshold Order entered on October 6, 2014 (Doc. 8), leaving Counts 1 and 2 as referenced above.

particular, is threatening and retaliating against Plaintiff nor does Plaintiff offer any details regarding the threats or retaliation. Plaintiff mentions that he must choose between exercising his religion and getting a "security threat group ticket" from Defendants (in general) and not practicing his religion, but does not offer more information. There is no indication in the Motion that Plaintiff will be subjected to any additional threats or retaliation in the near future.

Plaintiff does, however, explain in detail the types of religious items and accommodations that he requires in order to practice his religion, including an altar, candles, wooden implements, a sun wheel, and a rune staff, among other things. Plaintiff also seeks to participate in outdoor worship and ritual feasts and further seeks the "setting aside of sacred land on which blots [i.e rituals] could be conducted." Finally, Plaintiff seeks the ability to use objects to practice his religion in his cell and that he be allowed to participate in group worship activities.

At the hearing, Plaintiff indicates that he has been a practicing Asatruar for four-and-a-half to five years, since his introduction to the religion in 2010. He further stated that he has never possessed religious items. Rather, he was permitted to order some items through the chaplain; but, when the items arrived, he was not permitted to possess the items (which arrived at the jail around March 2013 and included an altar cloth and rune set).

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

> 1. a reasonable likelihood of success on the merits;
> 2. no adequate remedy at law; and
> 3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In the context of a First Amendment case, the reasonable likelihood of success factor is "usually the decisive factor" because the loss of First Amendment rights "unquestionably constitutes irreparable injury" and protecting this right is in the public's interest. *Wisconsin Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014). This proposition would extend to a RLUIPA claim which likewise protects First Amendment rights. *See Korte*, 735 F.3d at 666 (referring to the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq.*). In his Motion, Plaintiff only briefly states that he is likely to prevail on the merits of his claim. Plaintiff

does not explain, in any detail, why he believes that he has more than a negligible chance of prevailing.

Defendants argue that Plaintiff is not entitled to a *preliminary* injunction because he is in fact seeking relief that he is also seeking in his complaint – namely, the ability to fully practice his religion. Defendants also point out that Plaintiff is not attempting to maintain the *status quo* pending an ultimate ruling; rather, he is seeking to change the parties' relationship by compelling Defendants to provide the religious objects and accommodation that he seeks. Defendants' arguments are well-taken. By this Motion for Preliminary Injunction, Plaintiff seeks the same relief that is contained in his Complaint, namely, the possession and use of religious items, the ability to worship in a group, and participation in all ceremonies and rites essential to his religion. Plaintiff also seeks to compel these activities, which have heretofore been disallowed by the prison. At this stage of the proceedings, granting an injunction would be premature.

In determining whether Plaintiff's First Amendment or RLUIPA rights have been violated (and what type of relief should be afforded), the Court (or a jury) must necessarily determine the type of resources that are available to the prison and whether the prison has a legitimate penological interest in restricting religious practices. *Tarpley v. Allen County., Ind.*, 312 F.3d 895, 898 (7th Cir. 2002); *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990) ("As we explained in *Reed v. Faulkner,* 842 F.2d 960 (7th Cir.1988), a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison. But, conversely, a prison is entitled to enforce its regulations, even if they crimp a prisoner's religious style, if the regulations are reasonably related to legitimate penological objectives." (additional citation and quotation marks omitted)). Legitimate penological interests may include guard and inmate security, rehabilitation, deterrence and safety. *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir.

2011); *see also Singer v. Raemisch*, 593 F.3d 529, 531 (7th Cir. 2010). In determining Plaintiff's rights with respect to religious objects and observances, there are shifting burdens of proof which require Plaintiff to establish a prima facie case and Defendants to rebut that initial burden. *See Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). Plaintiff has not mentioned in his motion that any of the items he seeks or the rituals he wishes to perform are essential to the practice of his religion such that the prison's actions substantially burden his religious practices nor is this Court convinced that Plaintiff will prevail on the merits in light of the association of Plaintiff's religion with a defined security threat group. *See e.g. Borzych v. Frank*, 2005 WL 2206785 (W.D. Wis. 2005) (noting an association between Odinism and white supremacists); *See also Hummel v. Donahue*, 2008 WL 2518268 (S.D. Ind. 2008).

Even if Plaintiff could show a reasonable likelihood of success on the merits, the balance of harms weighs in favor of Defendants. Plaintiff's request would require the prison to evaluate each of the items that Plaintiff requests to determine whether they present a security threat. It would also require the prison to set aside land for Plaintiff to perform rituals and would require a congregation of inmates in a manner that may present a security risk. Plaintiff has indicated that he has been practicing his religion for a number of years without the items he requests in this suit and without the group service accommodations that he demands. No additional burden would be placed on the Plaintiff if the preliminary injunction is denied. Plaintiff is not entitled to the extraordinary relief of a preliminary injunction at this stage of the proceedings.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction and/or Protective Order filed by Plaintiff, Erik C. Strickland, on September 3, 2014 (Doc. 2) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of

law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 20, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**