IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK C. STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV- 962-NJR- DGW |
| | ) |
| S.A. GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 58), recommending that the Motion for Preliminary Injunction and/or Protective Order (Doc. 2) filed by Plaintiff be denied. The Report and Recommendation was entered on April 20, 2015, and no objections have been filed.

Plaintiff Erik Strickland, an inmate at the Lawrence Correctional Center, filed this action on September 3, 2014, alleging that the policies and practices of the Illinois Department of Corrections ("IDOC") have interfered with his ability to practice his religion, Asatru (also known as Odinism) (Doc. 1). Plaintiff seeks declaratory and injunctive relief as well as minimal damages. The following claims survived threshold review:

Count 1: Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), the Free Exercise Clause of the First Amendment against IDOC administrators Director S.A. Godinez, Deputy Director Ty Bates, Deputy

       Director Donald Gaetz, and Chief Chaplain Steve Keim;

Count 2: Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), the Free Exercise Clause of the First Amendment against Lawrence officials Warden Marc Hodge, Warden Steve Duncan, Assistant Warden Beth Tredway, Chaplain David Vaughn, and Intelligence Officer Loy; and

Count 3: Intelligence Officers Loy and Harper violated the Free Exercise Clause of the First Amendment when they threatened disciplinary action against plaintiff if he proceeded to practice his region in a group setting.

(Doc. 8).

Along with his Complaint, Plaintiff filed a Motion for Preliminary Injunction (Doc. 2). In his Motion, Plaintiff seeks an injunction preventing Defendants from "threatening or retaliating against plaintiff and/or Asatruar and refusing to permit plaintiff and/or Asatru inmates full participation in proper group and individual worship including the ownership of personal ritual items and medallions central to their beliefs" (Doc. 2, pp. 1-2). Defendants filed a response to the Motion on February 5, 2015, asserting that Plaintiff failed to make the requisite showing to support the entry of a preliminary injunction (Doc. 46). On February 11, 2015, a hearing was held in which Plaintiff appeared by video-conference, and Defendants appeared by counsel.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v.*

*Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson carefully laid out the documentary and testimonial evidence, and he thoroughly discussed his conclusion that Plaintiff is not entitled to the extraordinary relief of a preliminary injunction at this stage in the proceedings. The Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 58). Plaintiff's Motion for Preliminary Injunction and/or Protective Order (Doc. 2) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: May 12, 2015**

> s/ Nancy J. Rosenstengel
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**